UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER A. COMPTON, | ) |
|       Third Party Plaintiff, | ) |
| vs. | ) No. 1:13-cv-01922-TWP-DML |
| DAVID M. HAJDUCH, CRUMP LIFE INSURANCE SERVICES, INC., | ) |
|       Third Party Defendants. | ) |

**ENTRY ON MOTION FOR A MORE DEFINITE STATEMENT**

This matter is before the Court on a Motion for More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e) filed by Third-Party Defendant Crump Life Insurance Services, Inc. ("Crump"). ([Filing No. 41](#)). For the reasons set forth below, Crump's motion is **DENIED**.

Plaintiff Christopher A. Compton ("Dr. Compton") worked as a dentist and owned his own dental practice. In November 2010, Dr. Compton met with Third-Party Defendant David M. Hajduch ("Mr. Hajduch") to apply for disability insurance coverage and business overhead expense coverage. Dr. Compton alleges in his complaint that Mr. Hajduch is believed to be an insurance agent that works exclusively with Crump in procuring insurance policies for his clients, and that Crump assisted in obtaining Dr. Compton's disability insurance with Plaintiff Metropolitan Life Insurance Company ("MetLife"). Dr. Compton alleges that Mr. Hajduch changed the information provided by him in the application, and submitted the revised application to MetLife. As a result, Dr. Compton's insurance policy approved by MetLife did not include

business overhead expense coverage as represented by Mr. Hajduch.  Dr. Compton subsequently developed a disability that affected his ability to work full-time as a dentist.  He requested that Mr. Hajduch submit a disability insurance claim and business overhead expense claim on Dr. Compton's behalf to MetLife in October 2012.  Dr. Compton alleges that in January 2013, he learned from MetLife that no claims for disability were submitted on his behalf and that he did not have business overhead expense coverage under his policy.  MetLife denied Dr. Compton's claim for disability insurance and business overhead expenses and provided Dr. Compton a check for the total amount of premiums paid.

Dr. Compton filed a Third-Party Complaint against Mr. Hajduch and Crump in this action. Crump argues that the complaint fails to satisfy the pleading requirements of Rule 8(a) and moves for a more definite statement under Rule 12(e).  "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002).  Rule 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).  "Rule 12(e) motions are generally disfavored, and courts should grant such motions only if the complaint is so unintelligible that the defendant cannot draft a responsive pleading." *Moore v. Fid. Fin. Servs., Inc.*, 869 F. Supp. 557, 559–60 (N.D. Ill. 1994) (citing *U.S. for Use of Argyle Cut Stone Co., Inc. v. Paschen Contractors, Inc.*, 664 F. Supp. 298, 303 (N.D. Ill. 1987)).  "[A] Rule 12(e) motion may be appropriate when a complaint fails to put a defendant

2

on notice as to which of the claims apply to what parties." *Welton v. Anderson*, No. 1:13-CV-00355-JMS, 2013 WL 2244178, at *1 (S.D. Ind. May 21, 2013) (quoting *Coleman v. Majestic Star Casino, LLC*, No. 2:11–cv–391–PPS–PRC, 2012 WL 1424396, at *1 (N.D. Ind. Apr. 24, 2012)).

Crump has not shown that Dr. Compton's Third-Party Complaint is so vague or ambiguous that it does not provide notice as to which claims apply to Crump. Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dr. Compton's complaint satisfies this standard. Contrary to Crump's argument, the complaint sets forth the relationship between Crump and Mr. Hajduch, as well as Crump's involvement in the events giving rise to this action. ([Filing No. 16, at ECF p. 3](#), ¶¶ 9, 10) ("Hajduch is believed to [be] an insurance agent that works exclusively with Crump in procuring insurance policies for his clients. . . . Crump assisted in obtaining Compton's disability insurance with MetLife."). Additionally, each count of the Third-Party Complaint explicitly states whether it is asserted against Mr. Hajduch or Crump. There is no basis for Crump's claim that it is unclear whether Counts I, II, or III are applicable to Crump, as these counts clearly state they are "as to Defendant Hajduch." ([Filing No. 16, at ECF pp. 7-9](#)). The only count asserted against Crump is Count IV, which further states that "Mr. Hajduch's negligence is imputed to Crump." ([Filing No. 16, at ECF p. 10](#), ¶ 66). The Third-Party Complaint provides both fair notice of the claim against Crump and the grounds upon which it rests.

The Court concludes that Mr. Compton's Third-Party Complaint satisfies the requirements of Federal Rule of Civil Procedure 8(a), and that no additional facts are required in the pleading.

Therefore, Crump's Motion for a More Definite Statement ([Filing No. 41](#)) is **DENIED**. Crump shall file its responsive pleading within fourteen (14) days of the date of this Entry.

SO ORDERED.

Date: 3/23/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Cynthia M Locke
CANTRELL STRENSKI & MEHRINGER, LLP
clocke@csmlawfirm.com

Richard H. Riegner
CANTRELL STRENSKI & MEHRINGER, LLP
rriegner@csmlawfirm.com

Justin M. English
DRINKER BIDDLE & REATH LLP
justin.english@dbr.com

Terri L. Ahrens
DRINKER BIDDLE & REATH LLP
terri.ahrens@dbr.com

Christopher N. Wahl
HILL FULWIDER, P.C.
chris@hfmfm.com

Steven R. St. John
SKILES DETRUDE
sstjohn@skilesdetrude.com

Jacqueline J. Herring
SMITH von SCHLEICHER & ASSOCIATES
jackie.herring@svs-law.com

Warren von Schleicher
SMITH von SCHLEICHER & ASSOCIATES
warren.vonschleicher@svs-law.com